# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **KELVIN A. CANADA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00266 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NATASHA GREGG, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Kelvin A. Canada, Pro Se Plaintiff.*

This case is presently before me on Plaintiff Kelvin A. Canada's motion seeking a preliminary injunction directing officials at Red Onion State Prison ("Red Onion") to send all Canada's money and personal property, within ten days, to the prison facility in Rhode Island where he is now incarcerated. I find that this motion must be summarily denied.

This civil rights action under 42 U.S.C. § 1983 concerns Canada's allegations that the Common Fare diet provided to him at Red Onion in the months before his transfer did not adequately accommodate his religious beliefs. He sues the Virginia Department of Corrections ("VDOC") director and dietician and the food service directors at Red Onion and Wallens Ridge State Prison, seeking monetary compensation for this alleged violation of his First Amendment right to

free exercise of religious beliefs. The court has recently initiated service of process on these defendants.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* The movant must also establish a relationship between the injury claimed in a motion for preliminary injunction and the conduct giving rise to the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

Canada's current motion does not satisfy these standards so as to warrant the relief he seeks. He does not demonstrate any relationship between his religious dietary complaint and his request in the motion to obtain his personal property and money. Moreover, the defendants to the lawsuit are not subject to Canada's grievance that other Red Onion officials have not forwarded the property items and money according to Canada's desired time table. Thus, an interlocutory injunction is not appropriate because the harms complained of in the motion do not arise from the harm alleged in the complaint. *Id.* Most importantly, Canada fails to demonstrate that he is likely to suffer irreparable harm in the absence of

interlocutory court relief. Absent this key factor, his demand for such relief is without merit and must be denied. *Winter*, 555 U.S. at 20.

A separate order will be entered in accordance with this opinion.

DATED:   September 28, 2016

/s/  James P. Jones
United States District Judge