# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KELVIN A. CANADA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00266 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NATARCHA GREGG, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Kelvin A. Canada, Pro Se Plaintiff; Nancy Hull Davidson, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Kelvin A. Canada, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. Canada asserts that October 2015 changes to the religious diet provided to him by the Virginia Department of Corrections ("VDOC") lacked sufficient nutrition and calories, causing him to suffer severe weight loss. After review of the record, I conclude that the defendants' Motion for Summary Judgment must be granted.

I.

Court records indicate that Canada is serving a life term in prison, imposed by a Virginia court. His claims in this action arose while he was incarcerated in Virginia, first at Red Onion State Prison ("Red Onion") and later at Wallens Ridge

State Prison ("Wallens Ridge"). On June 16, 2017, shortly after he filed this civil action, Canada was transferred to a prison in Rhode Island and is now incarcerated in South Carolina.

To accommodate Canada's stated Islamic dietary beliefs, VDOC officials approved him to receive the Common Fare diet, starting in 2004. Common Fare is designed to meet all known religious dietary restrictions that cannot be met through the regular VDOC inmate menus. Common Fare meals exclude pork and pork derivatives and include only food items certified as kosher or halal, or otherwise consistent with these religious dietary requirements. Food storage, preparation, and serving, and cleaning of the kitchen and trays are compliant with all halal and kosher requirements. The VDOC's Food Service Dietician, N. Gregg, writes and approves four weeks of Common Fare menus for use by VDOC facilities.

In October 2015, the Common Fare menu changed from all cold foods to both hot and cold foods. Canada alleges that before this menu change, all three of his daily Common Fare meals included four slices of bread and fresh fruit, and the diet met his nutritional needs. He complains that the 2015 menu change "created an immense dissipation in the daily caloric intake and portions served." Compl. ¶ 4, ECF No. 1. He blames this nutritional deficiency on fewer bread slices, less fresh fruit, soybeans instead of tuna fish, and smaller food portions overall under

the new menu. Canada alleges that the food service directors at Red Onion and Wallens Ridge also sometimes served rotten fruits and vegetables that he could not eat.

Canada claims that after the Common Fare menu change, he began losing weight and experiencing "constant migraine headaches." *Id.* at ¶ 8. He signed up for sick call to find out about the weight loss. Dr. Smith examined Canada and did blood work to test for hepatitis and diabetes. The doctor concluded that Canada "had no physical illness that was responsible for [his] weight los[s]." *Id.* at ¶ 10. Canada claims that he weighed 195 pounds before the menu change and by April 2016, he weighed 152 pounds. After his transfer out-of-state, he regained all the weight he had lost within eight months.

Gregg states that the new Common Fare menu cycle provides inmates with a daily average of 2600 calories, a slight change from the 2900 calories provided under the previous menu cycle of only cold foods. She also reports that the current Common Fare diet meets or exceeds the recommended dietary allowances as defined by the Food and Nutrition Board of the National Academy of Sciences. Prison food service staff are to measure the food portions served to inmates to meet the quantities indicated on the Common Fare menus that Gregg has approved.

Gregg denies that the new Common Fare menu provides reduced food portions overall. She states that the only portion change was the amount of bread

served. Where inmates might have received four slices for certain meals under the old menu, they now receive two slices and/or some other starch item such as rice or potatoes. The new menu also includes cooked tuna cakes and cold tuna salad.

S. Stallard, Food Service Director at Wallens Ridge, has sworn in an affidavit supporting the defendants' motion that the prison receives fresh fruits and vegetables weekly. Stallard or other staff check all outgoing Common Fare trays to ensure that "[n]o spoiled, rotten fruits or vegetables are served" to inmates. Stallard Aff. ¶ 5, ECF No. 33-2.

The defendants do not dispute that Canada lost more than thirty pounds between October 2015 and the time he filed this case on June 8, 2016.[1] They offer evidence that at five feet ten inches tall, Canada was overweight before the Common Fare menu change, according to the U.S. National Institute of Health ("NIH"). At 162 pounds, Canada's body mass index ("BMI") was 23.2, within the normal range, while at 199 pounds, Canada's BMI was 28.6, within the overweight

---

[1] Defendants offer into evidence Canada's medical records that track his weight while he was at Red Onion as follows:

- 7/31/15 – 199 pounds
- 9/08/15 – 195 pounds
- 1/05/16 – 180 pounds
- 2/25/16 – 170 pounds
- 3/18/16 – 162 pounds
- 4/15/16 – 162 pounds
- 4/20/16 – 162 pounds

Phipps. Aff. ¶ 4, ECF No. 33-3.

range. V. Phipps, a nurse who reviewed Canada's medical chart, states that it includes no documentation that he complained to medical staff about migraine headaches after the menu change.

Canada sues Gregg, the Food Service Directors at Red Onion and Wallens Ridge, and VDOC Director Harold Clarke. In his Complaint, Canada seeks monetary damages for alleged violations of his rights under RLUIPA and the First and Eighth Amendments.[2] He claims that the modified VDOC Common Fare diet "d[id] not accommodate his religious prerequisite" and caused him to lose more than forty pounds and to suffer "health problems and migraine headaches." Compl. ¶ 27, ECF No. 1. Canada also seeks injunctive relief to restore the Common Fare food items changed in October 2015.

The defendants have filed a Motion for Summary Judgment supported by affidavits. Canada has responded, making the motion ripe for disposition.

II.

In most circumstances, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief to correct conditions of confinement there. *See, e.g., Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (dismissing former inmate's constitutional challenge to prison mail policy); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding prisoner transfer

---

[2] Canada's Complaint also cites the Fourteenth Amendment, but states no facts or arguments under this provision.

mooted requests for declaratory and injunctive relief). The defendants argue that Canada's claims for injunctive relief are moot because he is no longer confined in a VDOC prison, and Canada has offered no evidence to the contrary. Accordingly, I will dismiss his claims for injunctive relief as moot.

The defendants are also clearly entitled to summary judgment as a matter of law as to some of Canada's claims for monetary damages.[3] State officials are protected by immunity against damage claims for actions taken in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Moreover, Canada cannot recover monetary damages under RLUIPA for any of the defendants' alleged actions. *See, e.g., Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011) (finding damages not available against defendants in their official capacities under RLUIPA); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (finding no RLUIPA claim for damages against defendants in their individual capacities).[4] Therefore, I will grant the defendants' motion on all claims for

---

[3] A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* I must draw all reasonable inferences from the facts in favor of Goins, the nonmoving party. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

[4] These decisions address the immunity question only as it pertains to RLUIPA as an exercise of congressional spending power. The statute also invokes congressional

monetary damages against the defendants in their official capacities and all claims for monetary damages under RLUIPA. Canada's remaining claims seek monetary damages against the defendants in their individual capacities for alleged constitutional violations.

A. Free Exercise Claim.

The First Amendment prohibits the government from imposing a "substantial burden" on an inmate's ability to exercise his religion unless the government can demonstrate an appropriate reason for the burden. *Lovelace v. Lee*, 472 F.3d 174, 198-99, n.8 (4th Cir. 2006). To qualify as a substantial burden, the challenged program must put substantial pressure on the believer "to modify his behavior and to violate his beliefs" or "force[ him] to choose" between (a) following his faith and foregoing some governmental benefit, or (b) "abandoning one of the precepts of h[is] religion" to receive that benefit. *Id.* at 187.[5]

Canada fails to show that the new menu or any defendant's action placed substantial pressure on him to violate his religious dietary rules or to forego any benefit to follow those rules. At most, he alleges that because officials changed the portions and food content of the Common Fare meals, he lost weight. He does not

---

commerce power. 42 U.S.C. § 2000cc-1(b). I am satisfied that Canada's Complaint does not present a factual basis for a claim of monetary damages under the Commerce Clause nexus of RLUIPA, however. *See, e.g., Rendelman*, 569 F.3d at 189.

[5] Here and elsewhere, I have omitted from quotations internal quotation marks, alterations, and citations.

allege that the dietary changes caused him to eat foods not consistent with his beliefs or show that the changes pressured him to modify his behavior in ways that violated his religious tenets. He thus fails to show a substantial burden as required to state a First Amendment claim.

B. Eighth Amendment Claim.

It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To sustain such a claim here, Canada must show that: (1) objectively, the deprivation was sufficiently serious, in that the defendants' actions denied him "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendants acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He must show "significant physical or emotional harm" resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Canada simply has not shown that the challenged menu deprived him of the nutritional elements he needed to sustain life and health. Gregg, a dietician, provides her professional opinion that the new Common Fare menu meets or exceeds inmates' daily nutritional needs under national dietary standards. She states that the calorie difference between this new menu and the prior one that Canada preferred was minimal; except for the number of bread slices served per

meal, portion sizes did not decrease. Canada offers no evidence contradicting these facts about the nature of the new menu.

Canada claims that changes to the menu or portions must have harmed him. He argues that his weight loss, unexplained by the medical tests conducted, proves that the new menu or the kitchen staff's implementation of it must have *caused* the weight loss. Even assuming this argument to be true, however, Canada offers no evidence that the weight loss has been detrimental to his health. It is undisputed that under national standards, Canada's weight before the menu change was above average for his height and that after the weight loss, his weight was within the average or normal range. Canada's allegation that he has regained all the lost weight since his transfer does not prove that the loss of weight he experienced in 2015 and 2016 was harmful to his health. Canada also fails to present any fact to persuade a jury that the menu change caused him to suffer migraines. Thus, I conclude that Canada fails to show any serious physical harm caused by the defendants' actions as required to sustain his Eighth Amendment claim.

III.

For the stated reasons, I conclude that the defendants are entitled to summary judgment as a matter of law. Therefore, it is **ORDERED** that Canada's claims for injunctive relief are DISMISSED as moot; the defendants' Motion for

Summary Judgment (ECF No. 32) is GRANTED; and the clerk shall close the case.

A separate Judgment will be entered herewith.

ENTER: September 12, 2017

/s/ James P. Jones
United States District Judge